JOHN G. LANE, plaintiff in error, *v.* THE PEOPLE OF THE
STATE OF ILLINOIS, defendants in error.

*Error to Morgan.*

On the trial of one indicted for larceny, the counsel for the prisoner asked the
Court to give the following instruction to the jury: "If the jury believe from
from the evidence, that the prisoner found the trunk in the road, they are
bound to find him not guilty, although they may believe that he afterwards
broke it open and disposed of its contents to his own use." The Court re-
fused to give it as asked: *Held*, that the instruction stated the law correctly,
and should have been given.

If a person find a trunk, or other article of personal property in the highway,
and convert the same to his own use, not knowing the owner, he is not guilty
of larceny. *Aliter*, if he knows the owner when he acquires the possession,
or have the means of identifying him *instanter*, by marks which he under-
stands.

Where a judgment in a criminal case is reversed at the instance of the accused,
he will not, in legal contemplation, have been in jeopardy, but he may again
be indicted and tried for the same offence.

INDICTMENT for larceny against the plaintiff in error, heard
in the Morgan Circuit Court, at the October special term,
1848, the Hon. David M. Woodson presiding, when the jury
rendered a verdict of guilty.

So much of the evidence and instructions as is material to
the determination of the case is briefly stated in the Opinion
of the Court.

*M. McConnell,* and *J. W. Evans,* for the plaintiff in error, cited 2 Russell on Crimes, 100; *Tyler* v. *The People,* Bre. 227; *The People* v. *Cogdell,* 1 Hill's (N. Y.) R. 95; *Same* v. *Anderson,* 14 Johns. 294, and cases there cited; Archbold's Crim. Pl. 173.

*D. B. Campbell,* for the defendant in error.

The Opinion of the Court was delivered by

Treat, C. J. The prisoner was indicted for stealing various articles of personal property belonging to William Graves. The evidence showed that Graves was traveling along the public highway in Morgan county, with a trunk containing the articles alleged to be stolen. He missed the trunk on arriving at Jacksonville, and, on a search, found it near the road broken open, and the contents abstracted. A part of the goods were soon after sold in the county by a person, who, on being pursued, abandoned the rest and escaped. The evidence tended strongly to show that the prisoner was along the road on the day Graves passed, and that he was the same person who afterwards sold the goods.

The counsel for the prisoner asked the Court to give this instruction: "If the jury believe from the evidence, that the prisoner found the trunk in the road, they are bound to find him not guilty, although they may believe that he afterwards broke it open and disposed of its contents to his own use." The Court refused the instruction, and gave in lieu thereof, the following: "If the jury believe from the evidence, that the prisoner found the trunk in the road, they must find him not guilty, unless they believe that at the time he took it from the road, he took it with the intention of stealing its contents."

The law is thus stated in 2 Russell on Crimes, 100: "There is one case in which it has been holden, that the taking will not amount to a larceny, though it be accompanied with the *animus furandi;* namely, where the taking is by a finding of the property. Thus, it is laid down in the books, that if one lose his goods, and another find them, though he convert them *animo furandi* to his own use, yet

it is no larceny, for the first taking was lawful. And again, if A. find the purse of B. in the highway, and take it and carry it away, with all the circumstances that usually prove the *animus furandi*, as denying it, or secreting it, yet it is not felony." The same doctrine is laid down in 1 Hawkins' Pl. ch. 19, § 2; 3 Bac. Abr. 132; and in Archbold's Criminal Law, 173. In the case of *The People* v. *Anderson*, 14 Johns. 294, a trunk was lost from a stage-coach in the highway, and taken and carried away by the prisoner. The jury found that he first took the trunk with the intent to steal it; but the Court decided that it was not a case of larceny, and refused to sustain the conviction. In the case of *The People* v. *Cogdell*, 1 Hill, 94, Warren lost his pocket-book, containing a large amount of bank notes, in the highway, which the prisoner found and immediately concealed with the intent to convert the whole to his own use. The Court held that it was a case of trover and conversion, and not of larceny. The Court also asserted the principle, that to render the finder of lost property guilty of larceny, he must know who the owner is when he acquires the possession, or have the means of identifying him *instanter*, by marks then about the property which the finder understands. In *Regina* v. *Mole*, 47 Eng. C. L. 416, where the prisoner picked up the purse of the prosecutor in the public road, and converted the purse and contents to his own use, the Court held that he was not liable criminally, but admitted if there had been marks on the purse by which the owner could have been known, it would have been otherwise. In the case of *Tyler* v. *The People*, Bre. 227, where the prisoner was convicted of stealing a pair of saddle-bags, found in the highway without any marks by which the owner could be ascertained, this Court reversed the conviction on the ground that the original taking could not have been felonious.

These authorities proceed on the principle, that there cannot be a felonious intent in taking a chattel from the highway which has no marks about it to designate the owner, the finder in such case having the right to take and retain the possession against every one but the owner; and the original

taking being lawful, the subsequent appropriation of it by the finder to his own use, only renders him guilty of a trover and conversion. Whether there is any good reason for this distinction, we are not called on to decide. It is enough for us that the law is so settled. It is not our province to make the law, but to declare and enforce it. If the rule is wrong, the Legislature must interpose and change it.

The instruction demanded by the counsel of the prisoner stated the law correctly, and should have been given. If the prisoner came into the possession of the trunk by finding simply, he was not technically guilty of the crime for which he was indicted. If, on the other hand, he took it from the carriage, or from the highway knowing the owner, he was in either case guilty of larceny. The jury should have been permitted to determine under which state of circumstances he acquired the possession, and to acquit or convict him as their conclusions from the facts warranted.

As the judgment will be reversed at the instance of the prisoner, he will not, in legal contemplation, have been in jeopardy, and may again be indicted and put on his trial for the same offence. *The People* v. *Girard*, 3 Scam. 362.

The judgment of the Circuit Court is reversed, and the prisoner discharged.

*Judgment reversed.*